10 to 25 years

1  ELIZABETH A. STRANGE
Acting United States Attorney
2  District of Arizona
RAYNETTE M. LOGAN
3  Assistant U.S. Attorney
Arizona State Bar No. 016695
4  Two Renaissance Square
40 N. Central Ave., Suite 1200
5  Phoenix, Arizona 85004
Telephone: 602-514-7500
6  Email: Raynette.Logan@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

APR 2 8 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

7

8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF ARIZONA

10  United States of America,                    CR- 17-00041-2-PHX-GMS (ESW)

11              Plaintiff,
                                                 **PLEA AGREEMENT**
12       vs.

13
    Gabriel Michael Alvarez,
14
                Defendant.
15

16      Plaintiff, United States of America, and the defendant, Gabriel Michael Alvarez,

17  hereby agree to dispose of this matter on the following terms and conditions:

18  **1.    PLEA**

19      The defendant is charged in Count 1 of the Indictment with a violation of Title 18,

20  United States Code (U.S.C.), Sections 1153 and 1111, CIR-First Degree Murder, a Class

21  A felony offense. The defendant will plead guilty to the lesser-included charge of CIR-

22  Second Degree Murder, pursuant to Title 18, United States Code (U.S.C.), Sections 1153

23  and 1111, a Class A felony offense.

24  **2.    MAXIMUM PENALTIES**

25      a.    A violation of 18 U.S.C. §§ 1153 and 1111, is punishable by a maximum

26  fine of $250,000, a maximum term of imprisonment of any term of years or for life

27  imprisonment, or both, and a term of supervised release of 5 years.

28

1    b.    According to the Sentencing Guidelines issued pursuant to the Sentencing
2    Reform Act of 1984, the Court shall order the defendant to:

3        (1)    make restitution to any victim of the offense pursuant to 18 U.S.C.
4    § 3663 and/or 3663A, unless the Court determines that restitution would not be
5    appropriate;

6        (2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a
7    fine is not appropriate;

8        (3)    serve a term of supervised release when required by statute or when
9    a sentence of imprisonment of more than one year is imposed (with the understanding
10   that the Court may impose a term of supervised release in all other cases); and

11       (4)    pay upon conviction a $100 special assessment for each count to
12   which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

13   c.    The Court is required to consider the Sentencing Guidelines in determining
14   the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the
15   Court is free to exercise its discretion to impose any reasonable sentence up to the
16   maximum set by statute for the crime(s) of conviction, unless there are stipulations to the
17   contrary that the Court accepts.

18   **3.    AGREEMENTS REGARDING SENTENCING**

19   a.    Non-Binding Recommendations.    The defendant understands that
20   recommendations are not binding on the Court.  The defendant further understands that
21   the defendant will not be permitted to withdraw the guilty plea if the Court does not
22   follow a recommendation.

23   b.    Stipulation.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and
24   the defendant stipulate that the defendant shall receive no less than 10 years' confinement
25   and no more than 25 years' confinement.  The parties are free to argue for any upward or
26   downward departure or variance it feels appropriate given the facts of this case, to
27   include dismissed or uncharged conduct.

28   c.    Restitution.    Pursuant to 18 U.S.C. § 3663, 3663A and/or 2248, the

- 2 -

1  defendant specifically agrees to pay full restitution to all victims in an amount to be
2  determined by the court, but in no event, more than $100,000.00 per victim. "Victims"
3  include persons or entities directly or proximately harmed by defendant's "relevant
4  conduct" including conduct pertaining to any dismissed counts or uncharged conduct, as
5  defined by U.S.S.G. §1B1.3, regardless of whether such conduct constitutes an "offense"
6  under 18 U.S.C. §§ 2259, 3663, 3663(A) or 2248. Pursuant to 18 U.S.C. §§ 3663 and
7  3664(j)(1), "victims" also include persons or entities (whether private or government:
8  state, federal or tribal) that have paid or costs related to defendant's conduct, including
9  insurance providers and health care providers (including those such as Medicaid,
10  Medicare and AHCCCS).     Even if the victim did not suffer physical injury, the
11  defendant expressly agrees to pay restitution for expenditures and future expenses related
12  to treatment for mental or emotional trauma suffered by the victims. Such expenditures
13  shall include, but are not limited to: mental health treatment and counseling, in-patient
14  treatment, and traditional Native American ceremonies treatment.      The defendant
15  understands that such restitution will be included in the Court's Order of Judgment and
16  that an unanticipated restitution amount will not serve as grounds to withdraw the
17  defendant's guilty plea or to withdraw from this plea agreement.

18         d.     Assets and Financial Responsibility. The defendant shall make a full
19  accounting of all assets in which the defendant has any legal or equitable interest. The
20  defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend,
21  or transfer any such assets or property before sentencing, without the prior approval of
22  the United States (provided, however, that no prior approval will be required for routine,
23  day-to-day expenditures). The defendant also expressly authorizes the United States
24  Attorney's Office to immediately obtain a credit report as to the defendant in order to
25  evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.
26  The defendant also shall make full disclosure of all current and projected assets to the
27  U.S. Probation Office immediately and prior to the termination of the defendant's
28  supervised release or probation, such disclosures to be shared with the U.S. Attorney's

- 3 -

1    Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant
2    shall participate in the Inmate Financial Responsibility Program to fulfill all financial
3    obligations due and owing under this agreement and the law.

4        If the defendant is a member of a Native American tribe that provides "per capita"
5    payments to its members, the defendant agrees that any such "per capita" payment shall
6    be paid over to the Clerk of the Court and applied to the defendant's restitution obligation
7    until restitution to all victims is paid in full.

8        e.    Acceptance of Responsibility. If the defendant makes full and complete
9    disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's
10   commission of the offense, and if the defendant demonstrates an acceptance of
11   responsibility for this offense up to and including the time of sentencing, the United
12   States will recommend a two-level reduction in the applicable Sentencing Guidelines
13   offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16
14   or more, the United States will recommend an additional one-level reduction in the
15   applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

16   **4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

17       a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of
18   sentencing, shall dismiss the following charges: Counts 2-7.

19       b.    This agreement does not, in any manner, restrict the actions of the United
20   States in any other district or bind any other United States Attorney's Office.

21   **5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

22       a.    If the Court, after reviewing this plea agreement, concludes that any
23   provision contained herein is inappropriate, it may reject the plea agreement and give the
24   defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.
25   11(c)(5).

26       b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,
27   vacated, or reversed at any time, this agreement shall be null and void, the United States
28   shall be free to prosecute the defendant for all crimes of which it then has knowledge and

- 4 -

1  any charges that have been dismissed because of this plea agreement shall automatically
2  be reinstated. In such event, the defendant waives any and all objections, motions, and
3  defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional
4  restrictions in bringing later charges or proceedings. The defendant understands that any
5  statements made at the time of the defendant's change of plea or sentencing may be used
6  against the defendant in any subsequent hearing, trial, or proceeding subject to the
7  limitations of Fed. R. Evid. 410.

8  **6.     WAIVER OF DEFENSES AND APPEAL RIGHTS**

9  The defendant waives (1) any and all motions, defenses, probable cause
10 determinations, and objections that the defendant could assert to the indictment or
11 information; and (2) any right to file an appeal, any collateral attack, and any other writ
12 or motion that challenges the conviction, an order of restitution or forfeiture, the entry of
13 judgment against the defendant, or any aspect of the defendant's sentence, including the
14 manner in which the sentence is determined, including but not limited to any appeals
15 under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and
16 2255 (habeas petitions), and any right to file a motion for modification of sentence,
17 including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any
18 appeal, collateral attack, or other motion the defendant might file challenging the
19 conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall
20 not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel
21 or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics
22 Op. 15-01 (2015)).

23 **7.     DISCLOSURE OF INFORMATION**

24 a.     The United States retains the unrestricted right to provide information and
25 make any and all statements it deems appropriate to the U.S. Probation Office and to the
26 Court in connection with the case.

27

28

- 5 -

1    b.    Any information, statements, documents, and evidence that the defendant
2    provides to the United States pursuant to this agreement may be used against the
3    defendant at any time.

4    c.    The defendant shall cooperate fully with the U.S. Probation Office. Such
5    cooperation shall include providing complete and truthful responses to questions posed
6    by the U.S. Probation Office including, but not limited to, questions relating to:

7         (1)    criminal convictions, history of drug abuse, and mental illness; and

8         (2)    financial information, including present financial assets or liabilities
9    that relate to the ability of the defendant to pay a fine or restitution.

10   **8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

11        a.    Nothing in this agreement shall be construed to protect the defendant from
12   administrative or civil forfeiture proceedings or prohibit the United States from
13   proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C.
14   § 3613, all monetary penalties, including restitution imposed by the Court, shall be due
15   immediately upon judgment, shall be subject to immediate enforcement by the United
16   States, and shall be submitted to the Treasury Offset Program so that any federal payment
17   or transfer of returned property the defendant receives may be offset and applied to
18   federal debts (which offset will not affect the periodic payment schedule). If the Court
19   imposes a schedule of payments, the schedule of payments shall be merely a schedule of
20   minimum payments and shall not be a limitation on the methods available to the United
21   States to enforce the judgment.

22   **9.    ELEMENTS**

23                              **CIR-Second Degree Murder**

24        On or about November 6, 2015, in the District of Arizona:

25        1.    Defendant unlawfully killed T.S.A., III;

26        2.    Defendant killed T.S.A., III with malice aforethought;

27        3.    The killing occurred on the Gila River Indian Community, Indian Country,
28             and;

1     4.     Defendant was an Indian at the time of the murder. Specifically, the
2             defendant had descendant status (i.e. Indian blood) as an Indian from a
3             federally recognized tribe and the defendant was recognized as an Indian by
4             a tribal government or the federal government.

5             To kill with malice aforethought means to kill deliberately and intentionally
6             or recklessly with extreme disregard for human life.

7 **10.    FACTUAL BASIS**

8     a.     The defendant admits that the following facts are true and that if this matter

9 were to proceed to trial the United States could prove the following facts beyond a

10 reasonable doubt:

11           On or about November 6, 2015, in the District of Arizona, on the

12         Gila River Indian Community, Indian Country, the defendant shot the

13         victim, T.S.A., III. T.S.A., III, died from the gunshot wound.

14           The defendant further admits that he was an Indian at the time of the

15         assault. Specifically, the defendant had some quantum of Indian blood as

16         an enrolled member of the Gila River Indian Community, a federally

17         recognized tribe.

18

19     b.     The defendant shall swear under oath to the accuracy of this statement and,

20 if the defendant should be called upon to testify about this matter in the future, any

21 intentional material inconsistencies in the defendant's testimony may subject the

22 defendant to additional penalties for perjury or false swearing, which may be enforced by

23 the United States under this agreement.

24                   **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

25     I have read the entire plea agreement with the assistance of my attorney. I

26 understand each of its provisions and I voluntarily agree to it.

27     I have discussed the case and my constitutional and other rights with my attorney.

28 I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

- 7 -

1  to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to
2  present evidence in my defense, to remain silent and refuse to be a witness against myself
3  by asserting my privilege against self-incrimination, all with the assistance of counsel,
4  and to be presumed innocent until proven guilty beyond a reasonable doubt.

5  I agree to enter my guilty plea as indicated above on the terms and conditions set
6  forth in this agreement.

7  I have been advised by my attorney of the nature of the charges to which I am
8  entering my guilty plea. I have further been advised by my attorney of the nature and
9  range of the possible sentence and that my ultimate sentence shall be determined by the
10  Court after consideration of the advisory Sentencing Guidelines.

11  My guilty plea is not the result of force, threats, assurances, or promises, other
12  than the promises contained in this agreement. I voluntarily agree to the provisions of
13  this agreement and I agree to be bound according to its provisions.

14  I understand that if I am granted probation or placed on supervised release by the
15  Court, the terms and conditions of such probation/supervised release are subject to
16  modification at any time. I further understand that if I violate any of the conditions of my
17  probation/supervised release, my probation/supervised release may be revoked and upon
18  such revocation, notwithstanding any other provision of this agreement, I may be
19  required to serve a term of imprisonment or my sentence otherwise may be altered.

20  This written plea agreement, and any written addenda filed as attachments to this
21  plea agreement, contain all the terms and conditions of the plea. Any additional
22  agreements, if any such agreements exist, shall be recorded in a separate document and
23  may be filed with the Court under seal; accordingly, additional agreements, if any, may
24  not be in the public record.

25  I further agree that promises, including any predictions as to the Sentencing
26  Guideline range or to any Sentencing Guideline factors that will apply, made by anyone
27  (including my attorney) that are not contained within this written plea agreement, are null
28  and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

Date    3/31/17

Gabriel Michael Alvarez
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

Date    3/31/17

Phillip Seplow
Attorney for Defendant

- 9 -

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

4/28/17
Date

RAYNETTE M. LOGAN
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

Date

HONORABLE G. MURRAY SNOW
United States District Judge

- 10 -