ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona
RAYNETTE M. LOGAN
Assistant U.S. Attorney
Arizona State Bar No. 016695
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500
Email: raynette.logan@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Gabriel Michael Alvarez,<br><br>Defendant. | CR-17-00041-2-PHX-GMS<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States of America, by and through its undersigned attorneys, hereby submits a sentencing memorandum requesting a sentence of 262 months' confinement and 5 years of supervised release.

The government concurs with the Pre-Sentence Report's calculation that the total offense level of 35, criminal history category III, and a guideline range of 210-262 months' imprisonment applies.  The plea agreement stipulates to a sentence between 10 and 25 years' confinement, and the government requests the high end of the guideline range based upon the nature and circumstances of the offense, the defendant's history and characteristics, the need to protect the community from the defendant, and the need to deter the defendant and others from committing similar offenses.

On November 6, 2015, the defendant and his girlfriend, co-defendant Ilene Wahpeta, planned to rip methamphetamine from a drug dealer who was staying at another

individual's home. They believed that a man, recently release from prison, had methamphetamine and money. They, along with Roger James, planned to use a gun to steal the methamphetamine from him. Alvarez and Wahpeta decided they needed more help since the target was known to carry a gun. Wahpeta picked up two of her friends and introduced them to the defendant. Gabriel Alvarez, Roger James, and two others drove to the target home together, while Wahpeta waited inside the home to report to Alvarez the location of the individuals in the home. When the defendants arrived to the home, T.A. answered the door and was shot and killed by Gabriel Alvarez. The defendants kicked in the door and threatened the occupants of the home. Gabriel Alvarez and Roger James told two victims to get on the ground and held them at gunpoint. The defendants ransacked the house looking for the methamphetamine. The defendants stole a firearm, various items of drug paraphernalia, a victim's cell phone and per capita card. Ilene Wahpeta fled out a window with another female victim.

The investigation of the home invasion led investigators to interview the defendant. Initially, the defendant denied involvement in the home invasion. Over the course of the interview, the defendant admitted more and more of his culpability. Eventually, the defendant admitted that they planned to steal the methamphetamine, that he was carrying the rifle and that he shot T.A. when T.A. struggled for the gun. The defendant admitted that he discharged the firearm in the home as a warning to those in the house, and he admitted he held the rifle to the back of a man's head. That victim was a cousin of the defendant and kept asking the defendant, whom the victim recognized, why he was doing what he was doing. The victim's questioning did not deter the defendant. The defendant helped search the home for the methamphetamine, but the defendants never found the drugs.

This planned home invasion is the most dangerous type of crime. It involved multiple defendants invading a home with multiple victims, holding people at gunpoint for the purpose of stealing methamphetamine. Alvarez was a leader and planner of this home

invasion, though he pretends to be something less. The responsibility for the death of T.A., and the lives that were threatened in this home, belongs squarely with Alvarez. The government requests the high end of the guideline range because there has to be very serious consequences for this type of violent criminal conduct. One man died, but this home invasion could have resulted in even more bloodshed. But for the manipulation and planning of this defendant and his girlfriend, this home invasion would never have occurred. Because of this, the government requests 262 months' confinement, to be followed by 5 years of supervised release. This sentence is just punishment for the murder of a young man, and takes into consideration the history and characteristics of the defendant.

It is not expected that excludable delay under Title 18 U.S.C. § 3161 will occur as a result of this motion or an order based thereon.

Respectfully submitted this 29th day of June, 2017.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

*s/Raynette M. Logan*
RAYNETTE M. LOGAN
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Philip Seplow

*s/Rebecca Clarke Robinaugh*
U.S. Attorney's Office