**Philip A. Seplow, Esq.**
**Attorney #004859**
**518 East Willetta Street**
**Phoenix, AZ 85004**
**(602) 254-8817**
**Email: screenwriter2@earthlink.net**

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | Case No. CR 17-041-PHX-GMS (ESW) |
| Plaintiff, | ) | |
| vs. | ) | DEFENDANT'S SENTENCING MEMORANDUM |
| Gabriel Michael Alvarez, | ) | |
| Defendant. | ) | |

COMES NOW the Defendant, Gabriel Michael Alvarez, by and through undersigned counsel, and hereby submits his Sentencing Memorandum requesting a sentence of 200 months as a term of imprisonment and five years of supervised release.

The Defendant has no objection to the Presentence Investigation Report as prepared by U.S. Probation Officer Charity Rock.

However, the fact that Gabriel Michael Alvarez ends up in criminal history category III appears to overstate his criminal history in the following manner: he has one conviction for theft. He was on probation and it got revoked. The theft occurred when he was 18 years old. Outside of revocation of his probation he had no other felony nor misdemeanor convictions. He received three criminal history points for the theft and two points were added because Mr. Alvarez committed the instant offence while

1

under a probationary term for the theft.

Everything else in the Other Criminal Conduct section are merely allegations. The Presentence Report at paragraphs 43 and 44 show Mr. Alvarez's deprived life that Mr. Alvarez suffered as a child which led to drug usage.

One of the main reasons why leniency should be shown to Mr. Alvarez is that he never intended to kill anybody. True, certainly lots of people involved in homicides did not mean the event to start out as a homicide, but in this particular case, his girlfriend, a codefendant, planned the entire drug rip-off. The goal was to "jack" somebody for his meth. Mr. Alvarez is certainly not a leader but is a follower. He didn't even know the majority of people that his girlfriend, Ilene Wahpeta, had assembled for the robbery.

Mr. Alvarez was never told that anybody would be hurt let alone that anybody would be killed.

Both of Gabriel's parents were alcoholics and drug addicts. His father was in and out of jail for domestic violence offenses. His father was violent with his mother and with Gabriel and his siblings.

Gabriel was raised by his older sister until he was old enough to care for himself. The entire family of father, mother and five children lived in a two-bedroom trailer. He never had a role model. He didn't have anybody to watch him do his homework, go to school activities, watch him graduate from high school and then take him on tours of college campuses. That just was not the life that was born into.

Gabriel started drinking and using drugs at the age of

11 years. He drank and/or used methamphetamine daily. During this time period, when the unfortunate death happened, he was totally addicted to and had become a slave to methamphetamine.

Gabriel ran away from home for six months at the age of 11. He dropped out of school and became more active in gang life. At the age of 16 he was diagnosed with depression.

The factors to be considered when imposing a sentence are found in 18 U.S.C. § 3553.

The key to paragraph (a) is that the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth (*infra*).

In other words, there is, besides the concept of mercy and leniency, parsimony.

The government has recommended a term of 262 months. The probation officer who wrote the Presentence Investigation Report has recommended 216 months. Undersigned counsel is recommending 200 months for the reasons stated above and are upcoming.

When we examine the nature and circumstances of the offense, the offense was basically a drug rip-off and somebody died as a result of it. Somebody died because Mr. Alvarez shot him with a loaded weapon. However, he was so under the evil influence of methamphetamine at the time, he barely even remembered the event although he knows what he did and feels remorse and contrition, not daily but hourly.

In regard to the history and the characteristics of the Defendant, they have been describe and the import is that a sentence of 200 months would serve the same purpose as a lengthier

sentence.

There is a need for the sentence imposed, there can be no debate about that. It appears almost obvious that the seriousness of the offense is of the highest level so any type of sentence that puts a young man in prison for almost a generation shows the seriousness of the offense and a 200 month sentence would promote respect for the law and for the reasons stated above and upcoming 200 months is a just punishment under these circumstances.

Adequate deterrence toward criminal conduct would certainly be served by a sentence of 200 months. This was not a premeditated act. This was an act performed while deeply under the influence of poisonous intoxicating substances that are foreign to the body and should not be in the body.

The public would be protected from further crimes of the Defendant for two reasons: the defendant now realizes, now that he is sober, what he has been doing to himself with the drugs, he has confronted his past family issues, and he will have plenty of time while in the Bureau of Prisons, not only to reflect on his life in the future, but to improve his life and to take advantage of the programs that the Bureau of Prisons provides, so that when he is released he can be a productive member of society.

Hopefully, the Defendant will receive needed education and vocational training, and hopefully, intensive psychological and/or psychiatric care so that he can deal with all the atrocious things that as a young man had to deal with which young men should never have to deal with.

Attached hereto is a statement from Vonda Goodman who

4

says that Gabriel Alvarez was a good father to their son and he was a nice person who worked to support his family. "...he did what he should as a father...Gabriel is not this ugly man...HE [is] a gud (sic) guy...he cares for his kids n family..."

It appears that in the fiscal year 2016, most Native American offenders were male (79.3%). The average of these offenders at sentencing was 34 years old. Sixteen point two percent (16.2%) were in criminal history category III (Sentencing Guidelines). Attached hereto are the Quick Facts which undersigned counsel found on the Internet.

It appears that weapons are involved in more offenses involving Native Americans when compared to all the other cases that the U.S. Attorney charges.

The average sentence length for Native American offenders is 52 months. The Defendant is asking this Court to sentence him to 200 months, which is four times that amount.

Another reason why a 200 month sentence is sufficient but not greater than necessary is because over the past ten years federal sentencing has shifted dramatically, providing greater opportunities for lawyers, judges and probation officers to help justice-involved individuals reduce their risk of recidivism by formulating a correctional treatment plan and giving judges more options to consider shorter prison terms and community corrections rather than lengthy periods of incarceration. *See* "Formulating a Correctional Treatment Plan and Keeping with the Purposes of Sentencing" authored by Denise C. Barrett, J.D. NSW National Federal Defenders Resource Council.

It appears that the Bureau of Prisons has taken the

concept of working with individuals to identify their strengths weaknesses and to formulate a plan that improves their likelihood of success in community living. As we know, at this point in Mr. Alvarez's life, he has been denied those things that would give him the ability to cope. He tried to cope but he used methamphetamine and that got him in the trouble that he is in today (in part).

RESPECTFULLY SUBMITTED this 1st day of September, 2017.

PHILIP A. SEPLOW, ESQ.


By: s/Philip A. Seplow
    Philip A. Seplow, Esq.
    Attorney for Defendant

CERTIFICATE OF SERVICE

__X__ I hereby certify that on July 10, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Raynette Logan, Esq.
Assistant United States Attorney

__X__ I hereby certify that on February 1, 2017, I served the attached document by First Class Mail on the following, who are not registered participants of the CM/ECF System:

Charity Rock
United States Probation Officer

s/Philip A. Seplow

6